VERMONT SUPREME COURT
109 State Street
Montpelier VT 05609-0801
802-828-4774
www.vermontjudiciary.org



Case No.    22-AP-196

*Note: In the case title, an asterisk (\*) indicates an appellant and a double asterisk (\*\*) indicates a cross-appellant.  Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

FEBRUARY TERM,   2023

Page Wheelock v. Alexander Dobbs*  }   APPEALED FROM:
                                    }   Superior Court, Chittenden Unit,
                                    }   Family Division
                                    }   CASE NO. 22-FA-01966
                                        Trial Judge: Kirstin K. Schoonover

In the above-entitled cause, the Clerk will enter:

Defendant appeals the final relief-from-abuse order entered by the family division.  We affirm.

In July 2022, plaintiff filed a complaint for relief from abuse against defendant.  The court held a final hearing at which both parties testified.  At the conclusion of the hearing, the court made the following findings on the record.  The court found that the parties were in a romantic relationship, on and off, for about a year.  Plaintiff repeatedly tried to end the relationship, but defendant would not comply with her requests for him to leave her alone.  Defendant would sit by the door in her bedroom and not allow plaintiff to leave, making plaintiff feel trapped.  He would escalate, causing her to "freeze."  Plaintiff eventually brought defendant's belongings to his house and told him that she did not want him to come back.  Defendant subsequently went to her house and left things in her car.  He then came back with a truck and followed her across her farm while she told him to leave.  She finally barricaded herself in a tack room to get away from him.  On another occasion, plaintiff agreed to help defendant by driving him to his car.  She told him to go home afterward, and he instead drove to her home, went away, and then came back a second time uninvited.  Plaintiff blocked defendant's numerous texts but did not block him on Facebook.  He viewed this as an invitation to continue sending her messages.

The court found that defendant did not hit plaintiff or threaten her with physical abuse.  However, it concluded that defendant had, on at least two occasions, followed plaintiff after she asked him to leave her alone, and that this and defendant's other behaviors caused plaintiff substantial emotional distress including panic attacks and nightmares.  The court concluded that defendant had stalked plaintiff and ordered defendant to stay at least 300 feet away from plaintiff for one year.

On appeal, defendant argues that plaintiff exaggerated the truth and that he did not stalk her.  He alleges that since the stalking order was issued, plaintiff and her friends have been

harassing him and his personal and professional reputation has been harmed. He argues that he was prevented from presenting important evidence at the hearing that would have undermined plaintiff's claims. He argues that plaintiff lied at various points in her testimony and that the judge erred in finding her to be credible. He asserts that he does not wish to have any further contact with plaintiff and only wants the order lifted to clear his name.

"In matters of personal relations, such as abuse prevention, the family court is in a unique position to assess the credibility of witnesses and weigh the strength of evidence at hearing." Raynes v. Rogers, 2008 VT 52, ¶ 9, 183 Vt. 513. Accordingly, we review the court's decision to grant an abuse-prevention order "only for an abuse of discretion, upholding its findings if supported by the evidence and its conclusions if supported by the findings." Id.

A significant portion of defendant's brief refers to events that allegedly took place after the final hearing in this case, as well as evidence that he did not present at the hearing. Defendant claims that these alleged facts undermine plaintiff's testimony and require reversal of the court's order. We do not consider this information because the record on appeal is limited to the evidence presented to the family division. V.R.A.P. 10(a) (defining what is included in record on appeal). We note that defendant cites Vermont Rule of Civil Procedure 60(b) at several points in his brief. To the extent that defendant is asserting that the alleged incidents and information constitute newly discovered evidence justifying relief from the court's order, such a claim would have to be presented by motion to the family division in the first instance.

Defendant also asserts "clerical error," arguing that he was prevented from offering important exhibits because he lost elevated access to the court's electronic case-records system prior to the hearing when he ended his employment at a law firm. We decline to reverse on this basis because defendant has not demonstrated that he was prejudiced by the alleged error. See Lasek v. Vermont Vapor, Inc., 2014 VT 33, ¶ 24, 196 Vt. 243 (declining to reverse based on error that did not affect outcome of case); V.R.C.P. 61 (stating harmless error does not require reversal); V.R.F.P. 9(a)(1) (making civil rules applicable in relief-from-abuse proceedings). According to defendant, the exhibits would have supported his claim that plaintiff gave him mixed messages about whether she wanted contact. However, plaintiff admitted that there was "some back and forth," that she remained attracted to defendant, and that she missed him the first time she attempted to break up with him. The court also found that the parties were in an on-again, off-again relationship and that they were "entangled." Accordingly, the exhibits appear to be cumulative to evidence that was presented, and defendant has not demonstrated that they would have significantly affected the court's findings.

Defendant contends that plaintiff lied or exaggerated at various points in her testimony. Essentially, he argues that the court should have believed his version of events instead of plaintiff's. "As the trier of fact, it was the province of the trial court to determine the credibility of the witnesses and weigh the persuasiveness of the evidence." Cabot v. Cabot, 166 Vt. 485, 497 (1997). The trial court evidently found plaintiff to be credible in her testimony, which supported the court's findings. We decline to reweigh the evidence on appeal.

Finally, defendant appears to claim that the evidence was insufficient to support a finding of stalking. We disagree. Stalking "means to engage purposefully in a course of conduct" directed at a specific person that the defendant knows would cause a reasonable person to fear for his or her safety or suffer substantial emotional distress. 12 V.S.A. § 5131(6); 15 V.S.A. § 1101(1)(D). A course of conduct requires "two or more acts over a period of time, however short, in which a person follows, monitors, surveils, threatens, or makes threats about another

person, or interferes with another person's property." 12 V.S.A. § 5131(1)(A). Here, the court found that on at least two occasions, defendant followed plaintiff after she told him to leave her alone. Plaintiff's testimony supports this finding, and defendant effectively conceded at the hearing that these events occurred. The court also found that defendant's behavior was part of a recurring pattern and that the behavior led to substantial emotional distress; plaintiff's testimony supports these findings as well. Because the court found that defendant's behavior met the definition of stalking, it was required to issue a protective order. 15 V.S.A. § 1103(c)(1).

Affirmed.

BY THE COURT:

Paul L. Reiber, Chief Justice

William D. Cohen, Associate Justice

Nancy J. Waples, Associate Justice